Matthias, J.
It is now urged by the plaintiffs in error that they have been deprived of their property without due process of law, and that the constitutional principle of inviolability of private property has been disregarded.
The provisions of the charter involved herein are in substantial accord with the provisions of the statute relative to such proceedings, which have been in effect for many years. The provisions of the charter relative to notice, and the requirement that claims for damages must be filed within a specified period, are substantially the same as those of Section 3823, General Code, wherein it is provided in substance that an owner of a lot or land, bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason thereof, shall within two weeks after the service of notice, on completion of publication thereof, file a claim in writing with the clerk of the council, setting forth the amount of damages claimed, with a general description of the property with respect to which it is claimed. It further provides that one who fails to do so shall be deemed to have waived such damages and shall be barred from filing a claim or receiving damages. This statute has been in effect many years, as have similar provisions respecting county and township improvements, and it has long been held with respect thereto that they are in no wise in conflict with the provisions of the constitution regarding the inviolability of private property.
In the case of Reckner, Supervisor, v. Warner, 22 Ohio St., 275, it was held that a similar provision “declares a rule of evidence whereby a waiver, on *199 the part of the landowner, of his right to compensation, may be established, and does not conflict with the constitution (Sec. 19, Art. 1), relating to the inviolability of private property.” While the rights of private property must be respected the constitutional provision that private. property is subservient to the public welfare cannot be disregarded. The following statement by Mcllvaine, J., in the opinion in the case just cited, at page 296, is quite pertinent here: “We fully appreciate the importance of protecting private property from unnecessary and unconstitutional invasions. But, nevertheless, under our constitution private property is subservient to the public welfare, and when a real necessity arises for its appropriation to a public use, and a fair and reasonable opportunity for the adjustment and payment of compensation to the owner, through the action of a jury, has been provided by law, a wise .policy would dictate that he should be diligent in the assertion of his rights, so that the wants of the public may be supplied without unnecessary delay.”
Likewise in the case of Wabash Rd. Co. v. City of Defiance, 52 Ohio St., 262, it was held that “an owner who has been afforded an opportunity of having compensation and damages assessed him, in the constitutional mode, for property taken or injured in the making of a street improvement, but failed to avail himself of the opportunity at the proper time, cannot enjoin the improvement, on the ground that compensation has not been paid or tendered him.” This case was affirmed by the supreme court of the United States in 167 U. S., 88.
This principle has had frequent application. It is well stated in 15 Cyc., 644, as follows: ‘ ‘ Since the *200 legislature may prescribe the marmer in which compensation for the land appropriated shall be obtained, it may provide that a failure to seek the compensation in that manner shall be a waiver of all claims therefor.” And a number of authorities are cited supporting this proposition.
In the consideration of a similar statutory provision as to waiver, in the case of Reckner v. Warner, supra, the court held such provision to be a legislative declaration of the rule of evidence by which a waiver on the part of the owners of their claim for compensation for property taken might be established.
It seems perfectly obvious, however, that before such presumption of waiver may arise, it must clearly appear that the owner has been notified of the proposed action affecting his property, and that before it can be held that he has. waived a claim of damages to or compensation for property to be taken for such public improvement he must have been notified of the proposed action affecting his property in the manner provided by law. This principle is recognized and considered by the court in the Bechner case. It is provided by Section 3911, General Code, that proceedings with respect to improvements shall be strictly construed in favor of the owner of the property assessed or injured as to the limitations on assessments of private property and compensation for damages sustained. Similar provisions of a parent statute were construed and applied in the cases of Harbeck v. City of Toledo, 11 Ohio St., 219, and City of Cincinnati v. Sherike, 47 Ohio St., 217.
The ordinance providing for a change of grade of the street in question was evidently passed pre *201 liminary to and in contemplation of the subsequent improvement of such street by grading, paving and curbing. True, that ordinance was duly passed and published, but that proceeding did not affect the property of the plaintiffs. It was affected only by the actual change of physical conditions, whereby the grade of the street upon which plaintiffs’ building abutted was raised twenty-seven inches above the actual grade as it had existed for many years, pursuant to formal establishment by the city, and in accordance with which the plaintiffs’ building had been erected. The notice served upon the plaintiffs contained no information of such contemplated change of the grade of the surface of the street, nor statement as to what the grade of the street or the elevation of the curb would be. The actual and physical change of the grade whereby the surface of the street in front of the plaintiffs’ business builling would be raised was a part of the improvement contemplated, but that fact, a fact very material to plaintiffs, was not disclosed by the notice. It could be ascertained only by an inspection and examination of plans, specifications and profiles in the office of the director of public service, and referred to in the resolution, a copy of which accompanied the notice. The very information so essential to enable the plaintiffs to elect whether to make claim for damages was not furnished. It should not be held that the plaintiffs waived a claim which they had no opportunity to assert.
The judgment of the court of appeals is reversed and that of the common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker and Robinson, JJ., concur.